1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    EDDIE PEREZ,                                  No.  2:23-cv-1489 AC P

11                        Petitioner,

12           v.                                      ORDER

13    UNKNOWN,

14                        Respondent.

15

16          Petitioner, an unrepresented state prisoner who wishes to challenge his conviction, has

17    requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 3.

18    Petitioner has also filed a motion for the appointment of counsel.  ECF No. 4.

19          For the reasons stated below, petitioner's motions will be denied and this case will be

20    closed.

21          I.      IN FORMA PAUPERIS APPLICATION

22          Examination of the in forma pauperis application reveals that as of August 28, 2023,

23    petitioner had $1,060.97 in his prisoner trust fund account.  ECF No. 3 at 4.  Therefore, petitioner

24    is able to afford the costs of suit and pay the $5.00 filing fee.  Accordingly, the application to

25    proceed in forma pauperis will be denied.  See 28 U.S.C. § 1915(a).  However, for the reasons

26    addressed below, it will be recommended that this case be summarily dismissed.  Accordingly,

27    petitioner will not be ordered to pay the filing fee.

28    ////

                                              1

II.   <u>FAILURE TO FILE A PETITION</u>

On July 21, 2023, this case was opened on the basis of a letter that petitioner submitted to the court.  ECF No. 1.  The single-page document contained no claims for relief, but requested an extension of time to file a petition in this court because petitioner believed that the applicable statute of limitations was about to expire.  <u>Id.</u>

On August 2, 2023, the court issued an order denying petitioner an extension of time to file a federal habeas petition.  ECF No. 2.  The court explained to petitioner that it has no authority to prospectively alter or extend the statutory limitations period.  <u>Id.</u> at 1.  Petitioner was provided an opportunity to submit a petition.  He was told that if he were to complete a petition for writ of habeas corpus that briefly stated his claims, and he timely signed and delivered the petition for mailing within the one-year statutory period, the court *might* be able to consider that petition on the merits.  <u>Id.</u> at 1-2.  The Clerk of Court was directed to send petitioner a form petition for writ of habeas corpus, and petitioner was cautioned that a failure to file a timely petition would result in this case be closed.  <u>Id.</u> at 2.

Petitioner has not filed a federal habeas petition.  Accordingly, there are no claims for the court to consider, and none to dismiss.  The case will be closed.

III.   <u>MOTION FOR THE APPOINTMENT OF COUNSEL</u>

Petitioner seeks the appointment of counsel on the ground that he is "struggling mentally" with processing information and with doing legal work.  ECF No. 4.  <u>Id.</u> at 2.  He states that he is currently in a mental health facility.  <u>See id.</u>  The court cannot appoint counsel where a case has not been properly commenced with the filing of a petition.  Appointment of counsel in non-capital cases does not extend to the pre-filing period.  The motion must be denied.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's application to proceed in forma pauperis (ECF No. 3) is DENIED;

2.  Petitioner's motion for the appointment of counsel (ECF No. 4) is DENIED; and

////

////

2

3. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case.

DATED: September 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE